UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JUPITER CAPITAL PARTNERS LLC AS
ASSIGNEE OF STAN STUCCO, INC.,

        Plaintiff,

      **MEMORANDUM AND ORDER**
- against -      07-CV-3499 (DRH) (AKT)

DELEONARDO CONSTRUCTION, INC.,
RALPH DELEONARDO and NOAM
SOKOLOW,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S :**

**Richard Sokoloff, Esq.**
Attorney for Plaintiff
3245 Route 112, Suite 1
Medford, New York 11763

**Law Offices of Michael Samuel**
Attorneys for Defendant Noam Sokolow
The Empire Corporate Center
25 Philips Parkway
Montvale, New Jersey 07645
By: David Stein, Esq.

**HURLEY, Senior District Judge**:

   By letter dated November 14, 2007, defendant Noam Sokolow requests permission to file a motion to dismiss plaintiff's complaint based on, inter alia, a lack of subject matter jurisdiction. To date, plaintiff has not responded.

   "[T]he Court may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding." *See Franceskin v. Credit Suisse*, 214 F.3d 253, 257 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, jurisdiction is premised upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 5.)

The diversity jurisdiction statute provides in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (2) citizens of a State and citizens or subjects of a foreign state.

28 U.S.C. § 1332(a)(2). Although it is well-established that allegations of residency alone cannot establish citizenship, *see Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997), plaintiff's Complaint merely alleges that defendant Noam Sokolow "resides" in New Jersey. Similarly, while a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business, *see* 28 U.S.C. § 1332(c), the Complaint informs us of neither with regard to any of the corporate parties. In addition, on its face, the Complaint states a claim for only $31,900. *See* 28 U.S.C. § 1332(a) (requiring amount in controversy to exceed $75,000). The Complaint therefore fails to allege diversity jurisdiction and is therefore dismissed.

A failure to allege facts establishing jurisdiction need not prove fatal to a complaint. By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, Plaintiff is granted 30 days to file and serve an amended complaint. If upon the expiration of thirty days, Plaintiff has not filed an

amended complaint, this action will be closed.

**SO ORDERED.**

Dated: Central Islip, New York
January 23, 2008                    /s/_____
                                    Denis R. Hurley
                                    United States District Judge